**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

EMERALD GREEN PROPERTY
SERVICES, LLC, and BRANDON
VANDERLOO,

     Plaintiffs,

v.                                                                    Case No.:

DAMEASY CORP,

     Defendant.

_____/

**COMPLAINT**

Plaintiffs, Emerald Green Property Services, LLC ("Emerald Green") and

Brandon Vanderloo ("Vanderloo") (collectively, "Plaintiffs"), bring this Complaint

against Defendant, DamEasy Corp. ("Dam Easy" or "Defendant"), for

unauthorized commercial use of name and likeness under Florida Statutes § 540.08;

deceptive acts and unfair trade practices under the Florida Deceptive and Unfair

Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et seq.*; false representation

of endorsement under 15 U.S.C. § 1125(a)(1)(A); Florida common-law unfair

competition; and unjust enrichment. Plaintiffs allege as follows:

**NATURE OF THE ACTION**

1.     Plaintiffs and Defendant compete in the same industry and geographic

market—selling and installing flood protection systems in Southwest Florida.

Emerald Green is a family-run general contractor that among other things sells,

engineers, builds, and installs flood barriers on residential and commercial properties.

2. Emerald Green became a non-exclusive dealer of Dam Easy flood barrier products. During the course of the dealer relationship, Dam Easy obtained photographs and videos featuring Emerald Green's employees, including Plaintiff Vanderloo, wearing Emerald Green's distinctive uniforms and installing flood barriers at various customer properties and locations.

3. Beginning in January 2026, Plaintiffs repeatedly and unambiguously revoked any consent for Dam Easy in its advertising to use Vanderloo's name or image, or any marketing materials falsely suggesting any affiliation with Vanderloo or Emerald Green or their respective sponsorship or endorsement. Despite receiving demands to cease, Dam Easy has refused to comply and continues to run dozens of paid advertisements on Facebook, Instagram, and other platforms and media making commercial use of Vanderloo's name and image, and falsely suggesting affiliation with, or sponsorship or endorsement by, Vanderloo and Emerald Green.

4. As of June 24, 2026, Dam Easy was still running paid advertisements featuring Emerald Green team members, Vanderloo, and Emerald Green's installations, all without authorization.

5. Dam Easy's conduct has caused actual consumer confusion. Dam Easy has mailed postcards to Emerald Green's customers signed "Brandon Vanderloo, Dam Easy," falsely suggesting an endorsement and affiliation that does not exist. Consumers have contacted Vanderloo believing he works for Dam Easy.

6.    Plaintiffs bring this action to prevent Defendant's unfair competition and deceptive trade practices, and to obtain injunctive relief, damages (including treble damages and punitive damages to the extent available), disgorgement of Defendant's unjust profits, costs of remedial advertising, Plaintiffs' fees and costs, and all other available relief in equity or law.

## PARTIES

7.    Plaintiff Emerald Green Property Services, LLC is a Florida limited liability company with its principal place of business at 17030 Alico Commerce Ct, Unit 305, Fort Myers, Florida 33967.

8.    Plaintiff Brandon Vanderloo is an individual and resident of Fort Myers, Lee County, Florida. Vanderloo is a principal of Emerald Green and the individual whose name, image, and likeness Dam Easy has exploited without authorization.

9.    Defendant Dam Easy is a Florida corporation. Upon information and belief, Dam Easy's principal place of business is 9975 Gulf Logistics Drive, Unit 305, Fort Myers, Florida 33913.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over Plaintiffs' Lanham Act claims under 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121(a).

11.    The Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a), because those state-law claims share a common nucleus of operative fact with Plaintiffs' claims under the Lanham Act.

12. The Court also has supplemental jurisdiction over Plaintiffs' state-law claims for unfair and deceptive trade practices under 28 U.S.C. § 1338(b), because those state-law claims are joined with substantial and related claims under the Lanham Act.

13. Venue is proper in this district under 28 U.S.C. § 1391(b), because Defendant operates in this district and because a substantial part of the events giving rise to the claims occurred in Lee County, Florida, which is within the Middle District of Florida.

14. This Court has personal jurisdiction over Defendant because Dam Easy is a Florida corporation, maintains operations in Fort Myers, Florida, and its conduct giving rise to this lawsuit occurred there.

## FACTUAL ALLEGATIONS

15. Emerald Green Property Services, LLC is a family-run general contracting company established in 2008 by the Vanderloo family. Its principals are Brandon Vanderloo and his wife Melissa. Emerald Green and Brandon Vanderloo have built a reputation in southwest Florida for quality construction and property services. Vanderloo's image and likeness, and the uniforms of Emerald Green's employees, are well known in the local market as being associated with quality construction and property services.

16. In 2023, following the devastation of Hurricane Ian in Southwest Florida, Emerald Green expanded its business into the flood protection industry. Emerald Green recognized the critical need for residential and commercial flood

barrier solutions in the Fort Myers market and elsewhere and devoted substantial resources to entering the flood protection industry.

17. Emerald Green and Vanderloo have a distinctive trade identity in the local market. Emerald Green team members wear distinctive green shirts with the name "Emerald Green" and its logo; Emerald Green's management wears distinctive grey polo shirts with the name "Emerald Green" and its logo. These visual brand elements are known to consumers in the Fort Myers flood protection market as associated with Emerald Green, Brandon Vanderloo, and excellent construction and engineering quality and service.

18. Prior to the events giving rise to this action, Emerald Green had amassed over 6,500 social media followers across its platforms, reflecting its strong local reputation and consumer recognition.

19. On February 5, 2024, Emerald Green and Dam Easy entered into a Dealer Agreement where Emerald Green became a dealer of Dam Easy's flood barrier products. The Dealer Agreement was non-exclusive, meaning Emerald Green was free to sell other products, and Dam Easy was free to appoint other dealers.

20. The Dealer Agreement did not expressly or impliedly grant Dam Easy any perpetual or irrevocable license to use Emerald Green's trade dress, trademarks, service marks, or other signs or indicia of affiliation with Emerald Green; or Vanderloo's name, image, or likeness; or any other content portraying Emerald Green or its employees or contractors. The dealer relationship was terminable at will.

21.     During the dealer relationship, Emerald Green's employees and contractors created photographs and videos reflecting Vanderloo's name, image and likeness affiliated with Emerald Green; Emerald Green's employees in their distinctive uniforms performing flood barrier services and installations; and installations of flood barriers engineered, constructed, and completed by Emerald Green.

22.     Vanderloo and Emerald Green have built and own valuable goodwill in the marketplace associated with Emerald Green's sale and installation of flood barrier products.  Vanderloo is a recognizable figure in the Southwest Florida flood protection market. His appearance is distinctive and associated with Emerald Green's quality products and services.  Likewise, Emerald Green's employees wear distinctive clothing reflecting their affiliation with Emerald Green and its goodwill in the marketplace.  Emerald Green managers wear gray collared shirts with the Emerald Green logo and name. Emerald Green employees wear green shirts with the Emerald Green logo and name.

23.     In December 2025, Dam Easy abruptly cut off leads and advertising to Emerald Green, effectively severing the business relationship without notice and terminating the Dealer Agreement.

24.     Beginning on or about January 12, 2026, Vanderloo expressly revoked any consent for Dam Easy to use his name, image, and likeness, or any advertisements reflecting or suggesting affiliation with or sponsorship or endorsement by Emerald Green.

6

25.    Nevertheless, Dam Easy continued to make advertisements falsely suggesting affiliation with or sponsorship or endorsement by Vanderloo or Emerald Green.

26.    Between January 12, 2026 and April 23, 2026, Plaintiffs sent at least seven separate demands to Dam Easy to cease all unauthorized use, including a formal cease-and-desist letter from counsel on April 23, 2026. Dam Easy refused to comply.

27.    As of June 24, 2026, upon information and belief, Dam Easy had run at least 39 advertisements featuring Emerald Green team members, Vanderloo, Emerald Green's distinctive uniforms, and Emerald Green's installations in defiance of Vanderloo and Emerald Green's repeated demands to stop doing so.

28.    As an example, Dam Easy started running the below advertisement on April 30, 2026. The screen shots are from a video created and owned by Emerald Green. The video under the "Dam Easy" name depicts Vanderloo's name, image, and likeness in front of Emerald Green employees wearing Emerald Green's distinctive shirts working on flood barriers.







29.     The foregoing images are merely representative examples of Dam Easy publicizing a claimed affiliation, sponsorship, or endorsement by Plaintiffs that did not exist at the time of publication. Dam Easy has run dozens of ads using Emerald Green's videos depicting Vanderloo or Emerald Green's employees in their distinctive clothing performing work on flood barriers. All such advertising falsely suggests continuing affiliation between Dam Easy and Vanderloo or Emerald Green, as well as falsely suggesting that Vanderloo and Emerald Green sponsor, endorse, or approve of Dam Easy and its products and work.

30.     Dam Easy's unauthorized use of Plaintiffs' content has caused actual consumer confusion in the marketplace. In fact, after Emerald Green and Vanderloo unambiguously rescinded permission, Dam Easy mailed postcards to Emerald Green's customers signed "Brandon Vanderloo, Dam Easy," falsely suggesting that Vanderloo endorses or is affiliated with Dam Easy. Customers have contacted Vanderloo asking whether he works for Dam Easy. An example of one of these fraudulent and deceptive postcards is shown below:

10



31.    Dam Easy's advertisements featuring Vanderloo's name, image or

likeness or other indicia of the goodwill associated with Emerald Green, including

Emerald Green employees in their distinctive uniforms performing work on flood

barriers, deceived consumers into falsely believing that Vanderloo and Emerald

Green remain affiliated with, sponsor, endorse, or otherwise remain associated with

Dam Easy and its products and services, and that Dam Easy can still supply the

quality assessment, engineering, construction, and other installation services and

resulting finished and installed products associated with Vanderloo and Emerald

Green's goodwill in the marketplace.  The truth is that Dam Easy can no longer

match Emerald Green's quality installation services and resulting finished and installed products.

32.    Dam Easy's misappropriations of Vanderloo and Emerald Green's goodwill in the marketplace as set forth above were done intentionally, willfully, and with full appreciation of their deceptiveness and unlawfulness.  Dam Easy conducted the above-described unlawful actions with intent to induce others to rely upon such deceptive and unfair acts and practices in order to deceive the consuming public and thereby gain an increase in sales, a larger customer base, increased goodwill and reputation, and higher prices.

33.    Dam Easy's willfully false and misleading advertisements caused actual deception and harm to consumers in the relevant market. Dam Easy's false and misleading advertisements and representations usurped Vanderloo and Emerald Green's goodwill that were material to consumers' purchasing expectations and decisions. Consumers relied on those false advertisements and Vanderloo and Emerald Green's goodwill to purchase from Dam Easy lower quality services and installed products, and at higher prices, than otherwise would have been the case had they known the truth.

34.    Defendant has unfairly profited from its unlawful actions and increased its goodwill and reputation in the marketplace.

35.    Plaintiffs are being irreparably damaged by Defendant's activities set forth in this complaint and will continue to be irreparably damaged unless Defendant

is enjoined from such deceptive and unfair actions. Accordingly, Plaintiffs have no adequate remedy at law for the irreparable harms.

36.     Defendant's actions are the direct and proximate cause of damages to Plaintiffs, including lost sales, lost licensing fees, loss of goodwill, harm to reputation, and other harms.

**COUNT I**
**Unauthorized Commercial Use of Name and Likeness**
**(Fla. Stat. § 540.08) — Vanderloo's Claim**

37.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 36 above as if fully restated herein.

38.     Florida Statute § 540.08 prohibits the unauthorized publication, printing, display, or other public use of the name or likeness of any natural person for purposes of trade or for any commercial or advertising purpose without the express written or oral consent of such person.

39.     Dam Easy published, printed, displayed, and otherwise publicly used Vanderloo's name and likeness for purposes of trade and for commercial and advertising purposes—including in paid advertisements on Facebook, Instagram, and other platforms and media designed to market and sell Dam Easy's flood barrier products and services.

40.     Dam Easy's use of Vanderloo's name and likeness was done without Vanderloo's express written or oral consent and in defiance of his repeated demands to cease and desist. To the extent any implied consent had previously existed,

13

Vanderloo had expressly revoked such consent no later than January 12, 2026, and repeatedly thereafter.

41.   Dam Easy's use of Vanderloo's name and likeness was willful and knowing, or else was done with gross negligence.

42.   Dam Easy has realized unjust profits and reputational gains and advantages because of its unlawful actions. To the extent its unlawful actions may have ceased, Dam Easy will still continue to realize unjust profits and reputational gains by having initially attracted and secured customers through its unlawful actions and thereafter wrongfully obtained corresponding increases in its goodwill and reputation in the marketplace, increases in its sales of products and services, and increases in its profits. Dam Easy's unlawful actions have provided it with, among other things, a head start in developing its business and competing with Emerald Green's business.

43.   Vanderloo is being irreparably damaged by Defendant's activities set forth in this complaint and will continue to be irreparably damaged unless Defendant is enjoined from such actions. Accordingly, Vanderloo has no adequate remedy at law for the irreparable damage.

44.   Defendant's unlawful actions are the direct and proximate cause of damages to Vanderloo, including lost earnings, sales, licensing fees, loss of goodwill, harm to reputation, and other harms.

14

## COUNT II
### Violation of the Florida Deceptive and Unfair Trade Practices Act
### (FDUTPA, Fla. Stat. §§ 501.201, et seq.)

45.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 36 above as if fully restated herein.

46.    FDUTPA prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts in the conduct of any trade or commerce. FDUTPA protects legitimate businesses, like that of Vanderloo and Emerald Green, from those who engage in unfair methods of competition.

47.    Dam Easy engaged in deceptive acts and unfair trade practices as set forth above.

48.    Defendant's actions were conducted with the intent to induce others to rely upon such deceptive and unfair acts and practices to deceive the consuming public and thereby gain an increase in sales, a larger customer base, increased goodwill and reputation, and higher prices.

49.    Dam Easy's deceptive and unfair trade practices set forth above were likely to, and did, mislead or deceive the consuming public concerning (i) Vanderloo and Emerald Green's affiliation, sponsorship, and endorsement of Dam Easy and its products and services; (ii) the quality and characteristics of Dam Easy's installation services and installed products; and (iii) Dam Easy's knowledge, skill, experience, and expertise installing flood control products.

50.    Dam Easy's unlawful actions harmed the consuming public by among other things inducing consumers to purchase from Dam Easy lower quality installation services and resulting finished products, and at higher prices, than would have occurred had the truth been known.

51.    Dam Easy's unlawful actions constitute willfully unfair and deceptive conduct in violation of FDUTPA, §§ 501.201, et seq., Florida Statutes.

52.    Dam Easy's unlawful actions are the direct and proximate cause of damages and harm to Plaintiffs, including lost earnings, sales, licensing fees, loss of goodwill, harm to reputation, and other harms.

53.    Dam Easy has realized unjust profits and reputational gains and advantages because of its unlawful actions. To the extent its unlawful actions may have ceased, Dam Easy will still continue to realize unjust profits and reputational gains by having initially attracted and secured customers through its unlawful actions and thereafter wrongfully obtained corresponding increases in its goodwill and reputation in the marketplace, increases in its sales of products and services, and increases in its profits. Dam Easy's unlawful actions have provided it with, among other things, a head start in developing its business and competing with Emerald Green's business.

54.    Plaintiffs are being irreparably damaged by Defendant's activities set forth in this complaint and will continue to be irreparably damaged unless

Defendant is enjoined from such deceptive and unfair actions. Accordingly, Plaintiffs have no adequate remedy at law for the irreparable damage.

## COUNT III
### False Endorsement
### (15 U.S.C. § 1125(a)(1)(A))

55.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 36 above as if fully restated herein.

56.    15 U.S.C. § 1125(a)(1)(A) prohibits the use of any word, term, name, symbol, or device, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

57.    Dam Easy published advertisements falsely and misleadingly reflecting affiliation, sponsorship, or endorsement by Vanderloo and Emerald Green as set forth above.

58.    Dam Easy's false and misleading advertisements were likely to, and did, confuse or deceive the consuming public concerning Vanderloo and Emerald Green's affiliation, sponsorship, or endorsement of Dam Easy and its products and services.

59.    Dam Easy's unlawful actions affected interstate commerce by causing false advertisements of affiliation, sponsorship, or endorsement to be published to the

consuming public, and by causing products and services to enter interstate commerce as a result of its unlawful actions.

60. Dam Easy's unlawful actions were willful.

61. Dam Easy's unlawful actions constitute a violation of 15 U.S.C. § 1125(a)(1)(A).

62. Plaintiffs are being irreparably harmed by Defendant's activities set forth in this complaint and will continue to be irreparably harmed unless Defendant is enjoined from such actions. Accordingly, Plaintiffs have no adequate remedy at law for the irreparable harms.

63. Dam Easy's unlawful actions are the direct and proximate cause of damages and harms to Plaintiffs, including lost earnings, sales, licensing fees, loss of goodwill, harm to reputation, and other harms.

64. Dam Easy has realized unjust profits and reputational gains and advantages because of its unlawful actions. To the extent its unlawful actions may have ceased, Dam Easy will still continue to realize unjust profits and reputational gains by having initially attracted and secured customers through its unlawful actions and thereafter wrongfully obtained corresponding increases in its goodwill and reputation in the marketplace, increases in its sales of products and services, and increases in its profits. Dam Easy's unlawful actions have provided it with, among other things, a head start in developing its business and competing with Emerald Green's business.

## COUNT IV
### Florida Common-Law Unfair Competition
### (Florida Common Law)

65.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 36 above as if fully restated herein.

66.     Under Florida common law, unfair competition occurs when a party misappropriates the goodwill and reputation of another to the detriment of the other party.

67.     Dam Easy engaged in unfair competition by misappropriating the goodwill and reputations of Vanderloo and Emerald Green as set forth above.

68.     Dam Easy's unlawful acts caused actual confusion or a likelihood of confusion among the consuming public as set forth above.

69.     Dam Easy's acts of unfair competition were done maliciously and with the specific and knowing intent to (or else through gross negligence) misappropriate Vanderloo and Emerald Green's goodwill and reputation and mislead and deceive the consuming public.

70.     Dam Easy's unlawful actions are the direct and proximate cause of damages and harm to Plaintiffs, including lost earnings, sales, licensing fees, loss of goodwill, harm to reputation, and other harms.

71.      Dam Easy has realized unjust profits and reputational gains and advantages because of its unlawful actions. To the extent its unlawful actions may have ceased, Dam Easy will still continue to realize unjust profits and reputational gains by having initially attracted and secured customers through its unlawful actions

and thereafter wrongfully obtained corresponding increases in its goodwill and reputation in the marketplace, increases in its sales of products and services, and increases in its profits. Dam Easy's unlawful actions have provided it with, among other things, a head start in developing its business and competing with Emerald Green's business.

72.     Plaintiffs are being irreparably damaged by Defendant's unlawful activities set forth in this complaint and will continue to be irreparably damaged unless Defendant is enjoined from such actions. Accordingly, Plaintiffs have no adequate remedy at law for the irreparable damage.

## COUNT V
### Unjust Enrichment
### (Florida Common Law)

73.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 36 above as if fully restated herein.

74.     As set forth above, Plaintiffs conferred benefits on Dam Easy in the form of advertising that appropriated Vanderloo and Emerald Green's goodwill through portrayals and claims of Vanderloo and Emerald Green's affiliation, sponsorship, or endorsement of Dam Easy and its products and services.

75.     As set forth above, Dam Easy voluntarily accepted and retained the benefits conferred.

76.     As set forth above, Dam Easy misappropriated Plaintiffs' goodwill by knowingly and falsely portraying and claiming in advertisements Vanderloo and

20

Emerald Green's affiliation, sponsorship, or endorsement of Dam Easy and its products and services.

77.     Dam Easy has realized unjust profits and reputational gains and advantages because of its unlawful actions. To the extent its unlawful actions may have ceased, Dam Easy will still continue to realize unjust profits and reputational gains by having initially attracted and secured customers through its unlawful actions and thereafter wrongfully obtained corresponding increases in its goodwill and reputation in the marketplace, increases in its sales of products and services, and increases in its profits. Dam Easy's unlawful actions have provided it with, among other things, a head start in developing its business and competing with Emerald Green's business.

78.     Dam Easy had knowledge of these unfair and unearned benefits and willfully acted to obtain them.

79.     Dam easy has unfairly profited from its actions and has otherwise unfairly increased its own good will and reputation in the marketplace.

80.     The circumstances render inequitable Dam Easy's retention of the benefits conferred.

81.     Plaintiffs are entitled to restitution and disgorgement of Dam Easy's unjust profits.

**PRAYER FOR RELIEF AND DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiffs, Emerald Green Property Services, LLC and Brandon Vanderloo, demand judgment in their favor and against Defendant Dam

Easy Corp, Inc. for all appropriate damages, remedies, and legal and equitable relief available under applicable law, including:

(a) Temporary, preliminary, and permanent injunctive relief enjoining Dam Easy, its parents, subsidiaries, affiliates, owners, members, shareholders, officers, agents, employees, contractors, and all persons acting under its control or in concert with it, from any form of advertising or other communication (i) using for commercial purposes Vanderloo's name, image, or likeness without his written consent; or (ii) claiming, stating, communicating, reflecting, suggesting, or implying that Vanderloo or Emerald Green affiliate or have any relationship with, sponsor, endorse, or otherwise support Dam Easy or any of its products or services;

(b) Awarding Plaintiffs all available actual damages, including lost profits, lost sales, costs of remedial advertising, and a reasonable royalty or license fee for Dam Easy's unauthorized use of Plaintiffs' names, likenesses, trade dress, or other misappropriations of Plaintiffs' goodwill as set forth in this complaint;

(c) Awarding Plaintiffs restitution and disgorgement of all of Dam Easy's unjust benefits, profits, and income attributable to its unjust conduct, including the monetary value of Dam Easy's unfairly increased goodwill and reputation;

(d) Awarding Plaintiffs punitive and exemplary damages, including trebled or otherwise enhanced damages, to the full extent lawfully available and appropriate with respect to the determination of any particular claims asserted in this complaint;

(e)   Awarding Plaintiffs their attorneys' fees and costs;

(g)   Awarding Plaintiffs pre-judgment and post-judgment interest at the highest

rate allowed by law;

(h)   Awarding Plaintiffs such other and further relief as this Court deems just,

proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: July 9, 2026                    Respectfully submitted,

*/s/Martin E. Burke*
Martin E. Burke
 Florida Bar No.: 1015662
Callan L. Albritton
 Florida Bar No.: 105688
HOLLAND & KNIGHT LLP
100 N. Tampa Street, Suite 4100
Tampa, Florida 33602
Telephone: (813) 227-8500
Fax: (813) 229-0134
martin.burke@hklaw.com
cal.albritton@hklaw.com

*Attorneys for Plaintiffs Emerald Green*
*Property Services, LLC and Brandon*
*Vanderloo*

23